IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JON SOTO and
THE ESTATE OF DONNA M. SOTO,

                Plaintiffs,

v.

DAVID GIBBONS and
KEVIN ELY,

                Defendants.

OPINION and ORDER

14-cv-234-jdp[1]

---

      Plaintiff Jon Soto, a prisoner incarcerated at the Stanley Correctional Institution, has submitted a proposed civil action under 42 U.S.C. § 1983 on his own behalf as well as on behalf of the estate of his deceased mother, Donna Soto,[2] alleging that defendants David Gibbons and Kevin Ely illegally searched the Sotos' home. Jon has paid the full $400 filing fee for this action. The next step in this case is for the court to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In screening any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). After review of the complaint with this principle in mind, I conclude that John and the estate may proceed on claims that defendants violated Jon's and Donna's rights under the Fourth Amendment by conducting an unreasonable search of their home. However, I will

---

[1] This case was reassigned to me pursuant to a May 16, 2014 administrative order. Dkt. 5.

[2] To avoid confusion I will generally refer to Jon and Donna Soto by their first names.

1

dismiss the remainder of the complaint because it does not satisfy the pleading requirements of Federal Rule of Civil Procedure 8. Jon will be given a chance to file an amended complaint.

The following facts are drawn from the complaint.

ALLEGATIONS OF FACT

Plaintiff Jon Soto is currently incarcerated at the Stanley Correctional Institution. However, at the times relevant to this action, Jon lived with his mother, Donna Soto, at a home in Blair, Wisconsin. In April 13, 2009, defendants David Gibbons and Kevin Ely (whom I understand to be law enforcement officers employed by the Trempealeau County Sheriff's Office) and other "unknown agents" of the department arrived at the Soto home to arrest Jon, even though they did not have an arrest warrant. Jon was not home. Donna came to the door and told defendants that Jon was not there, but defendants pushed her out of the way and entered the house. Donna never gave defendants permission to enter the house, nor was there any exigent circumstance giving defendants a reason to enter the home. Defendants' illegal entry to the Soto home "contributed to the death" of Donna.

OPINION

The Fourth Amendment protects the right of individuals to be free from "unreasonable searches and seizures." U.S. Const. amend. IV. I understand Jon Soto to be asserting claims on his own behalf as well as on behalf of the estate of Donna Soto that defendants violated their Fourth Amendment rights by entering their home without an arrest warrant. It is a "basic principle of Fourth Amendment law that searches and seizures inside a home without a warrant are presumptively unreasonable," *Groh v. Ramirez*, 540 U.S. 551, 559

2

(2004) (interior quotation omitted). Jon does not explain precisely how he was damaged by the alleged violation of his Fourth Amendment rights, but nominal damages are available to plaintiffs who prove a constitutional violation without establishing compensable harm, so I will allow him to proceed on a Fourth Amendment claim. Similarly, Donna's estate may proceed on a claim regarding Donna's Fourth Amendment right to be free from unreasonable searches.[3]

There are other potential claims related to the harm done to Donna, including a Fourth Amendment excessive force claim and state law claims for assault and battery and wrongful death. However, I cannot tell from Jon's extremely vague allegation that defendants "contributed to the death" of Donna whether he or the estate may proceed on any of these claims.

A complaint may be dismissed for failure to state a claim where the plaintiff alleges too little, failing to meet the minimal federal pleading requirements found in Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). While it is not necessary for a plaintiff to plead specific facts, he must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Because the allegations regarding the harm done to Donna are so vague, I will dismiss that portion of the complaint and give Jon a short time to file an amended complaint that explains how defendants harmed Donna.

---

[3] Under Wisconsin's survival statute, Wis. Stat. § 895.01, claims for damages to a deceased person survive that person's death and pass to the person's estate.

ORDER

IT IS ORDERED that

1. Plaintiffs Jon Soto and the estate of Donna Soto are GRANTED leave to proceed on Fourth Amendment claims against defendants David Gibbons and Kevin Ely.

2. The remainder of the complaint, dkt. 1, is DISMISSED for failure to comply with Fed. R. Civ. P. 8. Jon Soto may have until September 11, 2014 to submit an amended complaint. If he fails to do so by this deadline, the case will proceed solely on the Fourth Amendment claims.

3. Service of the complaint on defendants is STAYED pending receipt and screening of the amended complaint.

Entered this 21st day of August, 2014.

BY THE COURT:
/s/

JAMES D. PETERSON
District Judge