IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JON SOTO,

                Plaintiff,

v.                                                ORDER

DAVID GIBBONS and KEVIN ELY,            14-cv-234-jdp

                Defendants.

---

Pro se plaintiff Jon Soto brings claims that defendants David Gibbons and Kevin Ely, officers employed by the Trempealeau County Sheriff's Office, violated his Fourth Amendment rights by entering his home to arrest him without a warrant. Plaintiff also brings a Wisconsin-law wrongful death claim for defendants' actions during the search, which plaintiff says contributed to his mother's death.

Defendants have filed a motion to dismiss plaintiff's wrongful death claim on the basis that they have public officer immunity for their discretionary actions in conducting the search of the Soto home. Under Wis. Stat. § 893.80(4), municipal employees are immune from suit for "acts done in the exercise of legislative, quasi-legislative, judicial or quasi-judicial functions." *See also Willow Creek Ranch, LLC v. Town of Shelby*, 235 Wis. 2d 409, 424-25, 611 N.W.2d 693, 700 (2000). ("These functions are synonymous with discretionary acts."). Defendants contend that "[i]t is hard to imagine a decision that is more discretionary than a police officer deciding whether the circumstances presented to him justify a warrantless search." Dkt. 19, at 7.

Plaintiff responds that public officer immunity is not available where the official's conduct is malicious, willful, and intentional. Dkt. 26, at 2 (quoting *C.L. v. Olson*, 143

Wis. 2d 701, 711, 422 N.W.2d 614, 617 (1988)). Plaintiff explains why he thinks defendants' actions meet this standard:

> [Plaintiff] argues that the Officers illegally entered the home with their guns drawn, pointing it directly at my mother. When she awoke she saw the gun in her face and one of the defendants screaming at her where is Jon!! Donna was so scared her heart skipped a beat. Donna tried to get up and the officer pushed her back down on the bed screaming where is Jon!!!

Dkt. 26, at 2. In their reply, defendants point out that these events are not mentioned in either plaintiff's original complaint, Dkt. 1, or the supplement to his complaint, Dkt. 11. Instead, plaintiff alleged that his mother answered the door when defendants knocked on the door, and they then pushed her aside when they entered.

Plaintiff attempts to rectify this discrepancy by filing a motion to amend his complaint changing his allegations to match his new version of events detailed above. Under Federal Rule of Civil Procedure 15(a)(2), I must give plaintiff leave to amend "freely . . . when justice so requires." Defendants argue the proposed amendment is futile because even the new allegations do not show that they "acted with ill will or wickedness of heart." Dkt. 29, at 5 (citing *Wilson v. City of Milwaukee*, 138 F. Supp. 2d 1126, 1132-33 (E.D. Wis. 2001) ("'Malice' in the legal sense connotes 'wrongful intention,' as in '[t]he intent, without justification or excuse, to commit a wrongful act.' 'Reckless disregard of the law or of a person's legal rights' can also constitute malice. Lastly, malice can mean 'ill will' or 'wickedness of heart.'") (citations omitted).

Given the generosity with which I must construe plaintiff's pro se pleadings, I will allow plaintiff to amend his complaint and deny defendants' motion to dismiss. Plaintiff's amendment is not futile: it raises a reasonable inference that by rousting plaintiff's non-suspect mother in her bedroom and pointing a gun at her face, defendants acted with

complete disregard toward her rights. Plaintiff's belated shift in the details of the incident raises the questions whether he actually knows what happened that morning and whether he has admissible evidence to prove it, but these are issues to be resolved at summary judgment or trial.

Both sides have filed motions to amend the schedule. I will strike the remaining schedule and set a new dispositive motions deadline of November 18, 2016. A new trial date and associated pretrial deadlines will be set should plaintiff's claims survive the dispositive motions stage.

ORDER

IT IS ORDERED that:

1. Plaintiff Jon Soto's motion to amend his complaint, Dkt. 32, is GRANTED.

2. Defendants' motion to dismiss plaintiff's state law wrongful death claim, Dkt. 18, is DENIED.

3. The parties' motions to amend the schedule, Dkt. 36 and 38, are GRANTED. The current schedule is STRICKEN. The new dispositive motions deadline is November 18, 2016.

Entered August 17, 2016.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge