IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JON SOTO,

                Plaintiff,                        ORDER

  v.

                                                  14-cv-234-jdp

DAVID GIBBONS and KEVIN ELY,

                Defendants.

---

Pro se plaintiff Jon Soto brings claims that defendants David Gibbons and Kevin Ely, officers employed by the Trempealeau County Sheriff's Office, violated his Fourth Amendment rights by entering his home to arrest him without a warrant. Plaintiff also brings a Wisconsin-law wrongful death claim for defendants' actions during the search, which plaintiff says contributed to his mother's death. Defendants have filed a motion for summary judgment. Plaintiff has filed a motion for additional time to conduct discovery, and a motion for appointment of counsel. He has also filed a document titled as "Motion in Support of Granting Summary Judgment for Plaintiff Soto," dkt. 59, which I take to be an attempt at a response to defendants' motion, even before the discovery issue has been settled.

First, I will address plaintiff's request for counsel. Although plaintiff asks for "appointment" of counsel, litigants in civil cases do not have a constitutional right to a lawyer, and this court has no authority to force a lawyer to take the case. But I have discretion to determine whether assistance in recruiting counsel is appropriate in a particular case. *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007).

To show that it is appropriate for the court to recruit counsel, a litigant must first show that he has made reasonable efforts to locate an attorney on his own. *See Jackson v. Cty. of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992) ("the district judge must first determine if the

indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts"). To meet this threshold requirement, this court generally requires plaintiffs to submit correspondence from at least three attorneys to whom they have written and who have refused to take the case. Plaintiff has not submitted any rejection letters, but he states that he has contacted several lawyers, none of which have agreed to take the case. The court might usually require plaintiff to follow up with more information about his efforts to contact counsel, but there is no reason to do so here because even if it was clear that plaintiff had made efforts to locate counsel, he fails to show that he cannot litigate the case himself.

The court will seek to recruit counsel for a pro se litigant only when the litigant demonstrates that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt*, 503 F.3d at 654-55. Plaintiff asks for an attorney to help him settle the case, but he provides no information explaining why he cannot contact defendants' counsel himself, or any other reason he cannot litigate the case himself in terms of negotiating a settlement or litigating the summary judgment and trial phases. As discussed further below, plaintiff does appear to be somewhat confused about his responsibilities in conducting discovery, but that alone is not a reason to recruit counsel. I will deny plaintiff's motion without prejudice to him renewing his motion if he believes that he cannot litigate the case himself. If he does renew his motion, he will need to explain with specificity what litigation tasks he cannot complete on his own.

Next, plaintiff asks for more time to conduct discovery, stating that he did not know that he could conduct discovery during the pendency of defendants' previous motion to dismiss the case. Defendants argue that plaintiff should have known better given the instructions in the

2

court's preliminary pretrial conference order, and that plaintiff should not have waited until defendants filed their motion for summary judgment to raise the issue.

Although I agree with defendants that plaintiff should have been active with discovery much sooner, defendants' desire to promptly litigate their summary judgment motion is tempered by their own failure to follow this court's procedures. Although they have submitted a motion for summary judgment, they did not include a statement of proposed findings of fact fully setting forth the factual basis for their motion, as mandated by this court's procedures and discussed in the court's preliminary pretrial conference order. *See* Dkt. 31, at 14. I will give defendants a short time to submit that document. Plaintiff will have the same time to send discovery requests to defendants. I expect defendants to respond to these requests reasonably quickly. I will build in some time for plaintiff to receive defendants' materials and file a brand new response to the summary judgment motion.

In his current response, plaintiff notes that defendants have not filed proposed findings of fact. He then goes on to provide his own proposed findings, dkt. 60. The clerk of court has already returned that document to plaintiff so that he can sign it. But plaintiff will have to fix his response in other ways as well. First, he should wait until he receives defendants' responses to his discovery requests, so that he has all the information he needs to formulate his summary judgment response. Second, he will need to make sure that each of his proposed findings of fact includes a reference to the evidence in the record that supports that fact. Many of his current findings do not explain what evidence supports plaintiff's statements. If plaintiff is referring to something in his own personal knowledge, he should include that fact in his own affidavit and then cite his affidavit in the appropriate numbered proposed finding. If he is referring to a piece

of evidence already in the record of this case, he should cite that piece of evidence. If he is referring to some other piece of evidence not yet in the record, he should attach that evidence to his summary judgment response, and then cite that evidence in his numbered proposed finding.

The schedule is amended as follows:

Defendants' deadline to submit proposed findings of fact: January 9, 2017

Plaintiff's deadline to send defendants his discovery requests: January 9, 2017

Plaintiff's summary judgment response deadline: February 6, 2017

Defendants' summary judgment reply deadline: February 21, 2017

As Judge Peterson explained in his August 17, 2016 order, the trial date has been stricken and a new date will be set should the case survive summary judgment.

## ORDER

It is ORDERED that:

(1) Plaintiff's motion for the court's assistance in recruiting counsel (Dkt. 42) is DENIED without prejudice.

(2) Plaintiff's motion to amend the schedule (Dkt. 49) is GRANTED. The schedule is amended as stated above.

Entered this 28nd day of December, 2016.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge